**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TEKLEZGI TEWELDE YOHANNES, | No. 08-70534 |
| Petitioner, | Agency No. A200-114-722 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Teklezgi Tewelde Yohannes, a native of Ethiopia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Yohannes claims he suffered past persecution and has a well-founded fear of future persecution on account of his ethnicity. He testified that he was deported from Ethiopia to Eritrea; that he reentered Ethiopia, where he was forced to live in hiding and could not work or attend school; and that Ethiopian police arrested him, detained him for eight days, and beat him twice. He also testified that his brother-in-law, a former police commissioner, was only able to negotiate his release from detention upon the condition that he leave the country immediately.

Substantial evidence supports the agency's denial of CAT relief because Yohannes failed to establish it is more likely than not he would be tortured if removed to Ethiopia. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, we deny the petition as to Yohannes' CAT claim.

The agency erred when it rejected Yohannes' asylum and withholding of removal claims by focusing exclusively on his detention in determining that he did not suffer past persecution on account of a protected ground. *See Sagaydak v. Gonzales*, 403 F.3d 1035, 1040 (9th Cir. 2005) (agency may not ignore arguments raised by a petitioner); *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (court

"look[s] at the totality of the circumstances in deciding whether a finding of persecution is compelled"); *Mengstu v. Holder*, 560 F.3d 1055, 1058-59 (9th Cir. 2009) (describing Ethiopian-Eritrean civil war as "ethnically tinged," reversing finding of no nexus for deportation of Ethiopian national of Eritrean descent, and remanding for agency to determine whether program of denationalization and deportation constituted persecution). Further, the agency's additional grounds for rejecting Yohannes' well-founded fear of future persecution–i.e., that he was able to live in Ethiopia without problems for a period of time and that the police released him from detention to live in Ethiopia–are not supported. The agency also erred by failing to consider Yohannes' contention that there is a pattern and practice of persecution of Ethiopians of Eritrean descent in Ethiopia. *See Sagaydak*, 403 F.3d at 1040. Accordingly, we grant the petition for review with respect to Yohannes' asylum and withholding of removal claims and remand for further proceedings consistent with this disposition.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**